**FILED**
**OCTOBER 15, 2019**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No. 36139-0-III |
| GINGER T. GOMEZ, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| JOSHUA H. MASTERSON, | ) | |
| | ) | |
| Respondent. | ) | |

KORSMO, J. — A mother appeals from the superior court's ruling changing primary custody from the mother to the father, arguing that the trial court did not properly consider her current environment when issuing its ruling. We disagree and affirm.

FACTS

The parties, acting pro se, dissolved their marriage in 2013, three years after they separated. The original parenting plan awarded the couple's child to the mother, with the father allowed supervised visitation. In 2014, the plan was modified to allow the father weekend visitation every other week.

No. 36139-0-III
*In re Marriage of Gomez and Masterson*

Subsequent to the decree of dissolution, the mother suffered from episodes of mental illness, leading to at least one intervention by the State that put the child in foster care and another instance where mother sent the child to live with father for three months. A major psychotic episode occurred in September 2016. Mother was arrested on that occasion and subject to a court order prohibiting her from contact with her second husband.[1] The husband cared for the child alone for a while before delivering the child to the father on September 15, 2016. The father lived in Orting and the mother in the Spokane area.

In December 2016, with both parties continuing to represent themselves, the mother sought an order of contempt against the father in order to regain custody of the child. In turn, he filed a motion for adequate cause seeking to change parental custody by making him the primary custodian. The following month, a court commissioner denied the contempt motion and entered a temporary order placing the child in the father's custody. The court also found adequate cause to change custody and set the matter for trial.

The father represented himself at the trial in May 2018, while mother was represented by counsel. After hearing testimony and argument on the first day of trial,

---

[1] Mother and her husband were apart for a month.

2

the court announced its decision the following day.  In its oral ruling,[2] the court identified

the substantial change in circumstances that justified a modification of the parenting plan:

> She received a more formalized diagnosis of Bipolar I disorder.  There was
> then a decompensation that had occurred which affected her ability to
> parent.

Report of Proceedings (RP) at 161.  The trial judge noted that multiple incidents of

mental health decompensation had occurred since the parenting plan and they constituted

a change in circumstances that authorized the court to enter a new parenting plan.  RP at

161-162.

> The court then turned to the current situation:

> This Court also finds that the current environment, and when I say current
> environment, I mean the environment if we were following the original
> parenting plan in the custody of [mother] would be detrimental to the
> physical, emotional and psychological welfare of the child and this Court
> finds that it's in the child's best interest to put primary placement with
> [father] based on the historic data and circumstances proved.

RP at 162.

While praising the mother for her efforts at treating her mental health and the

improvements shown, the court concluded that it still was in the child's best interest to be

placed with father.  RP at 162-163.  The court did not find that the child was integrated

into the father's household and did not consider "the conditions created by the temporary

order" in issuing its ruling.  RP at 163.  The court then entered a new parenting plan that

---

[2] If written findings were prepared, they have not been forwarded to this court.

gave primary custody to the father and allowed the mother regular visitation. RP at 163;

Clerk's Papers at 157-166.

The mother timely appealed to this court. The father did not file a brief. A panel

considered this appeal without hearing oral argument.

ANALYSIS

The primary thrust of the mother's appeal is a contention that the trial court placed

too much emphasis on the September 2016 event and that it did not justify a modification,

let alone a change in custodians. The trial court correctly applied the modification statute.

We review modification decisions for abuse of discretion. *In re Marriage of*

*McDole*, 122 Wn.2d 604, 610, 859 P.2d 1239 (1993). Discretion is abused when it is

exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*,

79 Wn.2d 12, 26, 482 P.2d 775 (1971).

At issue are provisions of RCW 26.09.260. The first paragraph provides, in part,

that

> (1) the court shall not modify a prior custody decree or a parenting
> plan unless it finds, upon the basis of facts that have arisen since the prior
> decree or plan or that were unknown to the court at the time of the prior
> decree or plan, that a substantial change has occurred in the circumstances
> of the child or the nonmoving party and that the modification is in the best
> interest of the child and is necessary to serve the best interests of the child.

Also at issue is a provision of paragraph (2), which provides that the existing parenting plan shall be retained unless:

> (c) The child's present environment is detrimental to the child's physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

In simplistic terms, RCW 26.09.260(1) allows reopening of a parenting plan when there has been a substantial change in circumstances that effect the child, while the second paragraph discusses reasons for changing custody upon reopening. Here, the mother argues that the 2016 event did not justify reopening the parenting plan and also was wrongly used as a basis for changing custody. We will consider each argument in turn.

Mother contends that her mental health history was known to the court at the time of the parenting plan, so subsequent mental health episodes were not "unknown to the court" when the parenting plan was entered. RCW 26.09.260(1). Our record does not indicate what information concerning the mother's struggles with mental illness, if any, was before the court in 2013 and 2014. That concern aside, there certainly was no indication when the 2014 plan was implemented that the mother's mental health difficulties prevented her from parenting. That result of the 2016 episode was an unforeseen event constituting a substantial change in circumstances. The trial court correctly found that modification of the parenting plan was justified. *Id*.

Mother also contends that the trial judge wrongly considered her 2016 environment when making the custody ruling in 2018. She relies heavily on *In re Marriage of Ambrose*, 67 Wn. App. 103, 834 P.2d 101 (1992). The operative facts in *Ambrose* are similar to those of this case. There the mother, who was custodial parent, was jailed and child custody was transferred to the father by temporary order. *Id*. at 104. Trial of a modification motion was conducted nine months later. *Id*. at 104-105. At trial, the court determined that the term "present environment" in RCW 26.09.260(2)(c) referred to the time when the mother was arrested and the father filed the motion to change custody. The court found that the conditions existing at that time justified a change in custody to the father. *Id*. at 105.

Division Two of this court reversed. The court concluded that the trial judge had erred in failing to consider the mother's current circumstances at the time of trial when determining the best interests of the child. 67 Wn. App. at 108. The court stated that the term "present environment" in RCW 26.09.260(2)(c) referred to the time the custody decision as being made. *Id.* at 107-109. Therefore, it was necessary for the trial judge to consider the mother's current circumstances in assessing what the child's life would be like living with mother in her current environment. *Id.* at 106-108.

However, the court also noted that the environment at the time the mother was arrested still was relevant evidence. *Id*. at 109. The court stated,

> We do not mean to suggest by our holding here that the trial court may not consider the children's environment while they were in [mother's] custody prior to the entry of the temporary order. We are simply saying that the trial court must consider any and all relevant evidence to determine if [mother] is presently a fit parent capable of providing a suitable home for the children.

*Id.* at 109.

We need not decide whether we agree with *Ambrose* that the legislature intended the consideration of the child's present environment authorized by RCW 26.09.260(2)(c) to apply when the child no longer was living with the original custodian.[3] We do agree with *Ambrose* that each parent's current environment is highly relevant evidence that must be considered by the trial court when determining the best interests of the child. Critically, here the trial judge conducted that analysis in making the best interest determination.

Unlike *Ambrose*, here the trial court considered the mother's current circumstances when determining whether or not to change custody to the father. The judge noted that while mother had made great strides to improve her circumstances, she had not fully recovered. In contrast, the father was providing an excellent environment in which the child was thriving. These were very tenable grounds for concluding that it was in the child's best interests to change custody to the father.

---

[3] On its face, paragraph (2)(c) appears to direct the trial court how to weigh the circumstances when the child's current living situation is deleterious and is not applicable when the child is no longer living with the custodial parent.

7

The trial court did not abuse its discretion in granting the father's motion to modify the custody plan.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Pennell, A.C.J.

Maxa, J.[4]

---

[4] Judge Bradley Maxa is a Division II judge serving with the Court of Appeals, Division III, under CAR 21(a).